**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN CURRAN, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No.: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | |
| | ) | |
| BAYER HEALTHCARE LLC and MERCK & CO., INC., | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |
| | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Kevin Curran brings this class action lawsuit against Defendants Bayer Healthcare LLC and Merck & Co., Inc. (collectively "Defendants"), on behalf of himself and all other similarly situated persons who purchased Coppertone Sport High Performance SPF 30 sunscreen spray, and alleges as follows:

**NATURE OF THE ACTION**

1.      Consumers, like Plaintiff and the putative classes, buy sunscreen to prevent sunburns and other harmful health effects caused by exposure to UV radiation, including but not limited to skin cancer and early skin aging.  Sunscreen prevents burning and decreases skin's exposure to UV radiation by absorbing UV radiation on the skin or by reflecting or scattering all or part of the UV radiation away from the skin.

2.      Sun Protection Factor ("SPF") informs the consumer of the level of sunburn protection provided by the sunscreen.  A sunscreen with a higher SPF, such as SPF 30, filters out

1

more UV radiation and provides more protection as compared to a sunscreen with a lower SPF. The SPF of a sunscreen is required to be clearly stated on the sunscreen's label.

3.     This is a mislabeling case regarding a sunscreen manufactured by Defendants – Coppertone Sport High Performance SPF 30 sunscreen spray – that Defendants labeled, marketed, advertised, and sold as "SPF 30," when in fact it was not.  Plaintiff's claims arise solely out of Defendants' misrepresentation on the label of each and every bottle of Coppertone Sport High Performance SPF 30 sunscreen spray that the sunscreen contained therein was "SPF 30."

4.     Plaintiff is one of the hundreds of thousands of consumers who have purchased Coppertone Sport High Performance SPF 30 sunscreen spray based on the advertised SPF number.  Consumers, like Plaintiff, reasonably expect that a sunscreen bottle labeled "SPF 30" will actually contain a sunscreen with a true SPF of "30," and not a significantly lower amount of protection.

5.     Plaintiff brings this putative class action seeking damages sustained as a direct and proximate result of Defendants' violations of various state laws as outlined in greater detail herein, in connection with Defendants' marketing and sale of Coppertone Sport High Performance SPF 30 sunscreen spray.  Plaintiff and putative class members have been, and continue to be, injured by Defendants' pattern and practice of placing into the stream of commerce sunscreen products containing a false SPF number, and largely inflated UV protection numbers, which Defendants manufactured, distributed, and sold.

6.     Defendants currently or have in the past tested, manufactured, labeled, distributed, advertised, marketed, produced, and sold sunscreen products under the brand name "Coppertone," including but not limited to Coppertone Sport High Performance SPF 30 sunscreen spray.

7.     Defendants have known, or should have known, for years that Coppertone Sport High Performance SPF 30 sunscreen spray contains less UV protection, and has a lower SPF, than Defendants advertised and stated on the product's label, causing Plaintiff and class members to rely upon, and to purchase a product that contains, a false and significantly inflated SPF number.

8.     All claims in this matter arise from the identical, false, written affirmative statements on the product label as outlined in detail herein – *i.e.*, that Coppertone Sport High Performance SPF 30 sunscreen spray was "SPF 30" when in fact it was not.

9.     Defendants' statements are false and misleading to a reasonable consumer because Coppertone Sport High Performance SPF 30 sunscreen spray does not contain the advertised level of SPF.  The statements are likely to deceive, and have in fact deceived, the public.

10.     With notice and knowledge of their material misrepresentations or omissions, Defendants have not offered to compensate their customers to remedy their damages.

11.     Had Plaintiff and members of the putative classes known that Coppertone Sport High Performance SPF 30 sunscreen spray contained less UV protection than Defendants advertise, Plaintiff and members of the putative classes would not have purchased the sunscreen or relied upon it to protect them from UV radiation.

12.     As a direct and proximate result of Defendants' deceptive acts and practices in connection with their manufacturing, labeling, and sale of Coppertone Sport High Performance SPF 30 sunscreen spray, Plaintiff and members of the putative classes have sustained economic injury by paying for a falsely advertised product and being deprived of the full intended use of their purchased sunscreen.

3

13.     Plaintiff seeks damages and equitable remedies under statutory and common law claims for himself and all members of the putative classes.  Identified definitively below, the putative classes include consumers who have purchased Defendants' Coppertone Sport High Performance SPF 30 sunscreen spray.

## JURISDICTION & VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, to a reasonable probability; and (iii) there is minimal diversity because Plaintiff and Defendants are citizens of different states.

15.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (i) Plaintiff is a resident of and purchased Defendants' Coppertone Sport High Performance SPF 30 sunscreen spray in this District; (ii) Defendants are authorized to, and do in fact, conduct business in this District and thus have intentionally availed themselves of the laws and markets within this District through the marketing, distribution, and sale of their products in this District; and (iii) Defendants currently do substantial business in this District.

## PARTIES

17.     Plaintiff Kevin Curran is a citizen of Illinois who resides in Cook County, Illinois. Plaintiff Curran last purchased Coppertone Sport High Performance SPF 30 sunscreen spray on June 24, 2016 at a Jewel-Osco in the Andersonville neighborhood of Chicago, Illinois.  Plaintiff purchased a two-pack of the sunscreen spray, paying approximately $15.  Had Plaintiff Curran

known at the time of his purchase that the sunscreen spray was not "SPF 30," as advertised, Plaintiff would not have purchased the sunscreen spray or at minimum would have paid less for it.

18.     Defendant Bayer Healthcare LLC is a Delaware limited liability company with its headquarters and principal place of business located at 100 Bayer Boulevard, Whippany, New Jersey, 07981-0915.  Thus, Defendant Bayer Healthcare LLC is a citizen of Delaware and New Jersey.  Defendant Bayer Healthcare LLC is licensed to and does in fact conduct business throughout the United States, including Illinois.  Defendant Bayer Healthcare LLC manufactures, markets, and sells personal care products, including Coppertone sunscreen and specifically the Coppertone Sport High Performance SPF 30 sunscreen spray that is the subject of this complaint, to consumers in Illinois and throughout the United States.

19.      Defendant Merck & Co., Inc. is a New Jersey for-profit corporation with its headquarters and principal place of business located at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.  Thus, Defendant Merck & Co., Inc. is a citizen of New Jersey.  Defendant Merck & Co., Inc. is licensed to and does in fact conduct business throughout the United States, including Illinois.   At times relevant to this Complaint, Defendant Merck & Co., Inc. manufactured, marketed, and sold personal care products, including Coppertone sunscreen and specifically the Coppertone Sport High Performance SPF 30 sunscreen spray that is the subject of this complaint, to consumers in Illinois and throughout the United States.

20.     On October 1, 2014, Bayer A.G., the parent company of Defendant Bayer Healthcare LLC, completed the acquisition of Defendant Merck & Co., Inc.'s consumer care business, which included the entire Coppertone product line and specifically the Coppertone Sport High Performance SPF 30 sunscreen spray that is the subject of this complaint, for a

purchase price of $14.2 billion dollars.

21.     From November 2, 2013 to October 1, 2014, Defendant Merck & Co., Inc. tested, manufactured, distributed, advertised, labeled, and sold Coppertone Sport High Performance SPF 30 sunscreen spray, and determined that each container of the sunscreen spray would state "SPF 30" on the uniformly-worded product label.

22.     From October 1, 2014 to the present, Defendant Bayer Healthcare LLC tested, manufactured, distributed, advertised, labeled, and sold Coppertone Sport High Performance SPF 30 sunscreen spray, and determined that each container of the sunscreen spray would state "SPF 30" on the uniformly-worded product label.

23.     The term "Defendants," as used herein, relates to each individual Defendant during the time period it was responsible for testing, manufacturing, distributing, advertising, labeling, and selling Coppertone Sport High Performance SPF 30 sunscreen spray.

24.     It is specifically alleged, upon information and belief, that the formulation and manufacturing processes regarding Defendants' Coppertone Sport High Performance SPF 30 sunscreen spray and lotion remained substantially unchanged throughout the entire class period.

## STATEMENT OF FACTS

### A. Coppertone Sport High Performance SPF 30 Sunscreen Spray

25.     Coppertone Sport High Performance SPF 30 sunscreen spray is and/or was manufactured, labeled, sold, and distributed by Defendants at all times relevant to this complaint.

26.     Specifically, Coppertone Sport High Performance SPF 30 sunscreen spray – indeed, all Coppertone sunscreen as well as other Coppertone products – was manufactured, labeled, sold, and distributed by Defendant Merck & Co., Inc. prior to October 1, 2014, and by Defendant Bayer Healthcare LLC as of October 1, 2014 and thereafter.

6

27.     Coppertone's website, which Defendant Bayer Healthcare LLC currently maintains, states that Coppertone Sport High Performance SPF 30 sunscreen spray is available in 2 oz. and 6 oz. spray bottles, and provides "[p]hotostable, broad spectrum UVA/UVB protection."[1]

28.     Coppertone Sport High Performance SPF 30 sunscreen spray is, and was throughout the class period, widely available in thousands of online and physical retail stores, including but not limited to Jewel-Osco, Amazon.com, Walmart, Target, Kmart, Rite Aid, Walgreens, CVS, Jet.com, Sam's Club, and eBay.

29.     SPF – which stands for Sun Protection Factor – is a standardized rating system for measuring the fraction of sunburn-producing UV rays that reach the skin, which is based on objective evidence and standardized protocols.

30.     The SPF number stands for the approximate measure of time a person who has applied the sunscreen can stay out in the sun without getting burned, compared to the amount of time a person with no protection will get burned in similar conditions.

31.     Thus, SPF 30 will allow a person to stay in the sun 30 times longer without burning than if that person were wearing no protection at all.

32.     The Coppertone website acknowledges the importance of SPF in selecting, purchasing, and using sunscreen, recommending that consumers "[c]hoose a broad spectrum sunscreen with an SPF of 30 or more."[2] Further, among its various "TIPS FOR BUYING SUNSCREEN," the Coppertone website touts, "Many dermatologists recommend using a product with minimum SPF 30…."[3]

33.     Indeed, the Coppertone website claims that an SPF 30 sunscreen "can help protect

---

[1] https://www.coppertone.com/products/sport/spray/sport/ (last accessed on Oct. 12, 2017).
[2] https://www.coppertone.com/sunfacts/sunsmarttools/ (last accessed Oct. 12, 2017) (emphasis added).
[3] https://www.coppertone.com/sunfacts/whatispf/ (last accessed Oct. 12, 2017) (emphasis added).

you from approximately 97% of the sun's harmful rays."[4]

**B. Defendants' Uniform Written Misrepresentations**

34.    Since the initial offering of Coppertone Sport High Performance SPF 30 sunscreen spray, each and every bottle has borne a uniformly-worded claim in large letters on its front label that the product is "SPF 30." *See* Figure 1, below.

**Figure 1**



35.    In actuality, rigorous scientific testing has revealed that Coppertone Sport High Performance SPF 30 sunscreen spray does not provide an SPF of 30.

36.    Such testing includes, but is not limited to, testing conducted by the noted

---

[4] https://www.coppertone.com/sunfacts/whatispf/ (last accessed Oct. 12, 2017).

consumer protection periodical *Consumer Reports*, which reported in July of 2017 that its own testing had revealed that Coppertone Sport High Performance SPF 30 sunscreen spray had an actual SPF that was lower than the claimed SPF of 30. Specifically, *Consumer Reports* rated Coppertone Sport High Performance SPF 30 sunscreen spray's "Variation from SPF" as "Poor" – meaning that its actual SPF was "Below 50% [of the] labeled SPF" – and gave it an "Overall Score" of just 40 out of 100.

37. In addition, Plaintiff conducted his own independent testing of Coppertone Sport High Performance SPF 30 sunscreen spray, utilizing the methodology for SPF testing mandated by the FDA.

38. The independent testing performed by Plaintiff was conducted in compliance with all FDA testing methods embodied in FDA Final Rule, 21 CFR Parts 201 and 310, Federal Register/Vol 76, No 117/Friday, June 17, 2011/Rules and Regulations, including 21 CFR 201.327.

39. The results of the independent testing conducted by Plaintiff were consistent with the *Consumer Reports* test results and confirmed that Coppertone Sport High Performance SPF 30 sunscreen spray had an actual SPF substantially lower than the claimed "SPF 30."

40. Specifically, in August of 2017, Plaintiff sent a sample of Coppertone Sport High Performance SPF 30 sunscreen spray to Clinical Research Laboratories, LLC ("CRL"), a laboratory located in Piscataway, New Jersey, for independent testing of the product's SPF.

41. That testing concluded that Coppertone Sport High Performance SPF 30 sunscreen spray, despite being clearly labeled as "SPF 30," contained only an average <u>SPF of only 13.9</u>.

42. An SPF of 13.9 offers significantly less sunscreen protection than an SPF of 30.

43.     An SPF of 13.9 is considered a low level of sunscreen protection, allowing users to remain in the sun without damage for a significantly shorter period than an SPF 30 would allow.

44.     In fact, the Coppertone Sport High Performance SPF 30 sunscreen spray product label itself cautions against using sunscreens with an SPF value below 15, stating: "Sun Protection Measures. Spending time in the sun increases your risk of skin cancer and early skin aging. To decrease this risk, regularly use a sunscreen with a Broad Spectrum SPF value of 15 or higher ...." *See* Reverse Label of Coppertone Sport High Performance SPF 30 sunscreen spray (emphasis added).

45.     Moreover, the Coppertone website repeatedly recommends using a sunscreen "with an SPF of 30 or more,"[5] and proclaims that this endorsement is echoed by "[m]any dermatologists."[6]

46.     Notwithstanding these admonitions, the Coppertone Sport High Performance sunscreen spray – despite explicitly claiming to have an SPF of 30 – does not actually meet that recommended level of protection. Worse, with a true SPF of only 13.9, the sunscreen does not even meet the minimum SPF value of 15 prescribed by its own label, thereby subjecting users – according to that label – to an "increase[d] … risk of skin cancer and early skin aging," not to mention sunburns. The avoidance of these injuries is the only reason that consumers, including Plaintiff and the classes, purchase Coppertone sunscreen.

47.     Defendants, as current or former developers, manufacturers, and exclusive sellers and distributors of Coppertone Sport High Performance SPF 30 sunscreen spray, have been aware since the product's inception that its true SPF was much lower than 30.

---

[5] https://www.coppertone.com/sunfacts/sunsmarttools/ (last accessed Oct. 12, 2017) (emphasis added).
[6] https://www.coppertone.com/sunfacts/whatispf/ (last accessed Oct. 12, 2017).

48.     Indeed, Defendants tested Coppertone Sport High Performance SPF 30 sunscreen spray prior to the product being offered for sale.

49.     Specifically, the Coppertone website touts a "commit[ment] to providing consumers with innovative, quality and safe sun care products based on science, rigorous testing and high standards."  Coppertone products purportedly "are backed by science, real-world testing, and clinically relevant data," in part "so consumers can feel confident about the sunscreen they purchase."   The Coppertone website further asserts:   "Because we're committed to quality, excellence, innovation and truth in labeling, our products must pass a rigorous scientific testing process – one that goes above and beyond what the FDA requires – before it's on your favorite store shelf."[7]  Such testing necessarily would have made Defendants aware that their Coppertone Sport High Performance SPF 30 sunscreen spray does <u>not</u> have an SPF rating of 30, as claimed on the product's label.

50.     Despite this, Defendants purposely claimed a higher SPF of 30 in order to induce the false belief in consumers that they were purchasing a product which provided a high level of SPF – "sun protection factor."

51.     Defendants have been notified of the false advertisement but have not remedied the problem.

52.     At no time did Defendants advise either Plaintiff or putative class members that the sunscreen contained less UV protection than Defendants advertised.

53.     Plaintiff and class members purchased the sunscreen with no reason to suspect or know that the sunscreen contained less UV protection than Defendants advertised and expressly stated in writing on the product label.

54.     Defendants possessed specialized knowledge regarding the data and information

---

[7] https://www.coppertone.com/sunfacts/scienceandtesting/ (last accessed Oct. 12, 2017).

concerning the chemical formula of the sunscreen which Plaintiff and class members could not and did not review.

55.     Indeed, Coppertone Sport High Performance SPF 30 sunscreen spray is a credence good because its properties and purported benefits cannot be independently assessed or verified by the consumer at the time of purchase and such properties and benefits are made known to consumers only through the information provided on the label by the product's manufacturers and distributors.  *See* Richard A. Posner, *An Economic Approach to the Law of Evidence*, 51 STAN. L. REV. 1477, 1489 (1999) ("A good is a credence good if the consumer cannot readily determine its quality by inspection or even use, so that he has to take its quality 'on faith.'").

56.     In purchasing Coppertone Sport High Performance SPF 30 sunscreen spray, Plaintiff and the class members had no choice but to necessarily and justifiably rely upon the written statements on the product as accurate.

57.     Had Plaintiff known that the actual SPF rating of Coppertone Sport High Performance SPF 30 sunscreen spray was substantially lower than what was stated on its product label, Plaintiff would not have purchased the product.

58.     Alternatively, had Plaintiff known that the actual SPF rating of Coppertone Sport High Performance SPF 30 sunscreen spray was substantially lower than what was stated on its product label, Plaintiff would not have paid as much for the product.

59.     As the direct and proximate result of Defendants' false and misleading statements and omissions, Plaintiff and class members have suffered economic injury by being deprived of the full intended use of the purchased product and have been deprived of the benefit of the bargain they were promised by Defendants.

60.     By marketing, selling and distributing Coppertone Sport High Performance SPF 30 sunscreen spray to purchasers in Illinois and throughout the United States, Defendants made actionable statements that the sunscreen contained the advertised UV protection and at all times failed to disclose that Coppertone Sport High Performance SPF 30 sunscreen spray did <u>not</u> in fact have an SPF of 30.

61.     Defendants engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that consumers rely upon such concealment, suppression and omissions.

62.     Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

63.     As the testers, distributers, marketers, producers, manufacturers, and sellers of the product, Defendants possessed specialized knowledge regarding the data and information concerning the chemical formula of the sunscreen which Plaintiff and the class members could not and did not review.

64.     All of Plaintiff's state law claims are based on misleading statements that violate FDA regulations. Such claims do not seek to impose any additional or different obligations beyond those already required by such FDA regulations.

65.     Such parallel state claims alleging affirmative violations of FDA regulations are expressly permitted by 21 U.S.C. §343-1(a).

66.     Further, Plaintiff's claims arise, *inter alia*, from "front of the box" statements and symbols which are not regulated by the Nutrition Labeling and Education Act.

## **CLASS ALLEGATIONS**

67.     Plaintiff repeats and realleges each allegation above as if set forth herein in full.

68. Plaintiff seeks to bring this case as a class action, pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Procedure.

69. Plaintiff seeks certification of a nationwide class (the "Nationwide Class") defined as follows:

> All persons who purchased Coppertone Sport High Performance SPF 30 sunscreen spray in the United States from November 2, 2013 to the present, excluding from the class any New Jersey citizen who purchased the sunscreen spray in New Jersey.

70. Additionally, or alternatively, Plaintiff seeks certification of the following sub-class (the "Illinois Subclass" or the "subclass"), defined as follows:

> All persons who purchased Coppertone Sport High Performance SPF 30 sunscreen spray in Illinois from November 2, 2013 to the present.

71. Excluded from each class are Defendants, their affiliates, employees, officers and directors; persons or entities that purchased the sunscreen for purposes of resale; the Judge(s) assigned to this case; and any New Jersey citizen who purchased the sunscreen spray in New Jersey.

72. Plaintiff reserves the right to amend or modify the proposed class definitions in connection with a motion for class certification or as warranted by discovery.

73. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

74. The members of the class and subclass for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

75. Upon information and belief, the proposed Nationwide Class is composed of over 100,000 persons and the Illinois Subclass is composed of at least 10,000 persons.

76. No violations alleged in this complaint are a result of any oral communications or

individualized interaction of any kind between class members and Defendants.

77.     Rather, all claims in this matter arise from the identical, false, written affirmative statements on the product label as outlined in detail herein.

78.     There are common questions of law and fact affecting the rights of all class members, including, *inter alia*, the following:

- The actual SPF of Coppertone Sport High Performance SPF 30 sunscreen spray;

- Whether Defendants' act in placing a uniform written statement on the label of the product, stating "SPF 30," was a false, affirmative statement of fact; and

- Whether Plaintiff and members of the Class suffered damages and the appropriate measure of that loss.

79.     Plaintiff is a member of the class and subclass he seeks to represent.

80.     The claims of Plaintiff are not only typical of all class and subclass members, they are identical.

81.     All claims of Plaintiff and the class arise from the same identical, false, written statement of affirmative fact on the Coppertone Sport High Performance SPF 30 sunscreen spray label as described herein.

82.     All claims of Plaintiff and the class are based on the same legal theories.

83.     Plaintiff has no interest antagonistic to, or in conflict with, the class or subclass.

84.     Plaintiff will thoroughly and adequately protect the interests of the class and subclass he seeks to represent, having retained qualified and competent legal counsel to represent himself and the class and subclass.

85. Defendants have acted and refused to act on grounds generally applicable to the class and subclass, thereby making appropriate injunctive and declaratory relief for the classes as a whole.

86. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

87. A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member were less than $15 per bottle purchased and, as such, individual actions are not economically feasible.

88. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CLAIM FOR RELIEF

### BREACH OF WARRANTY

### On Behalf of the Nationwide Class and Illinois Subclass

89. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

90. Defendants sold the Coppertone Sport High Performance SPF 30 sunscreen spray in their regular course of business. Plaintiff and the class members purchased Coppertone Sport High Performance SPF 30 sunscreen spray.

91. Defendants made promises and representations in an express warranty provided to all consumers, namely that Coppertone Sport High Performance SPF 30 sunscreen spray had an SPF of 30, which became the basis of the bargain between Defendants and Plaintiff and each class member.

92.     Defendants gave these express warranties to Plaintiff and each class member in written form on the labels of Coppertone Sport High Performance SPF 30 sunscreen spray.

93.     Defendants' written affirmations of fact, promises, and/or descriptions as alleged are each a written warranty.

94.     Defendants breached the warranty because the uniform written statement on each container of Coppertone Sport High Performance SPF 30 sunscreen spray, claiming an SPF of 30, is false, and Coppertone Sport High Performance SPF 30 sunscreen spray did not contain the properties Defendants represented.

95.     The false SPF information provided on the label was false when the sale took place and was undiscoverable to Plaintiff and the class members at the time of purchase.

96.     All conditions precedent to seeking liability under this claim for breach of express and implied warranty have been performed by or on behalf of Plaintiff and the class in terms of paying for the goods at issue.  Defendants had actual notice of the false labeling information and to date have taken no action to remedy their breaches of express and implied warranty.

97.     On June 9, 2017, Plaintiff sent notice of Defendants' breach of warranty by letter to both Defendants.

98.     Defendants were also on notice of the false SPF information in the product label by virtue of the *Consumer Reports* article referenced herein, as well as numerous news stories reporting the fact that Coppertone Sport High Performance SPF 30 sunscreen spray had an actual SPF substantially lower than 30.

99.     Further, Defendants previously knew or should have known of the falsity of the label on Coppertone Sport High Performance SPF 30 sunscreen spray, due to, *inter alia*, Defendants' testing of the product.

100.    Defendants have refused to remedy such breaches.

101.    By placing Coppertone Sport High Performance SPF 30 sunscreen spray in the stream of commerce, and by operation of law and the facts alleged herein, Defendants also impliedly warrantied to Plaintiff and class members that the sunscreen was accurately labeled in conformance with the law.

102.    Defendants' breaches of warranty have caused Plaintiff and class members to suffer injuries, paying for falsely labeled products, and entering into transactions they otherwise would not have entered into for the consideration paid.  As a direct and proximate result of Defendants' breaches of warranty, Plaintiff and class members have suffered damages and continue to suffer damages, including economic damages in terms of the difference between the value of the product as promised and the value of the product as delivered.

103.    As a result of Defendants' breach of these warranties, Plaintiff and class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, in an amount sufficient to compensate them for not receiving the benefit of their bargain.

## SECOND CLAIM FOR RELIEF

### BREACH OF IMPLIED CONTRACT THROUGH VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

#### On Behalf of the Nationwide Class and Illinois Subclass

104.    Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

105.    By operation of law, there existed an implied contract for the sale of Coppertone Sport High Performance SPF 30 sunscreen spray between Defendants and Plaintiff and each class member who purchased the product.

18

106. By operation of law, there existed an implied duty of good faith and fair dealing in each such contract.

107. By the acts alleged herein, Defendants have violated that duty of good faith and fair dealing, thereby breaching the implied contract between Defendants and each class member.

108. As a result of that breach, Plaintiff and each class member suffered damages.

### THIRD CLAIM FOR RELIEF

### DECLARATORY AND INJUNCTIVE RELIEF

### On Behalf of the Nationwide Class and Illinois Subclass

109. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

110. Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole within the meaning of Federal Rule of Civil Procedure 23(b)(2).

111. Specifically, Defendants labeled and sold Coppertone Sport High Performance SPF 30 sunscreen spray as "SPF 30" when in fact it is not, and have refused to halt or remedy such actions.

112. Plaintiff would purchase the product again in the future if he could be assured that the product was accurately labeled as to its SPF rating and/or that the product conformed to the SPF rating stated on the product packaging. Plaintiff is currently prevented from doing so, however, owing to the continuing refusal of Defendants to remedy such issues.

113. Plaintiff, on behalf of himself and putative Class members, seek a court order for declaratory and injunctive relief:

      (a)    Declaring that the label and advertising on Coppertone Sport High Performance SPF 30 sunscreen spray contained false and

misleading information regarding its level of SPF protection;

(b) Declaring that Defendants knew or should have known of the false information they provided to Plaintiff and class members;

(c) Enjoining Defendants from claiming that the current formulation of Coppertone Sport High Performance SPF 30 sunscreen spray has an SPF of 30;

(d) Directing Defendants to remove from the stream of commerce all falsely labeled Coppertone Sport High Performance SPF 30 sunscreen spray containers and/or re-label such containers with accurate information regarding SPF; and

(e) Directing Defendants to institute a court-administered corrective notice and/or advertising campaign to inform and educate consumers about the fact that the label of Coppertone Sport High Performance SPF 30 sunscreen spray falsely inflated its SPF level and to inform them about the true SPF content of this product.

## FOURTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

#### On Behalf of the Nationwide Class

114. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

115. Plaintiff pleads this claim for relief in the alternative to the contract claims set forth above.

116. Plaintiff and the class members have conferred substantial benefits on Defendants by purchasing Coppertone Sport High Performance SPF 30 sunscreen spray, and Defendants have knowingly and willingly accepted and enjoyed these benefits.

117. Defendants either knew or should have known that the payments rendered by Plaintiff and the class members were given and received with the expectation that the product would be as represented and warranted. For Defendants to retain the benefit of the payments

under these circumstances is inequitable.

118.    Through deliberate misrepresentations or omissions in connection with the advertising, marketing, promotion, and sale of the product, including representing that the product had an SPF of 30, Defendants each reaped benefits, which resulted in each Defendant wrongfully receiving profits.

119.    Equity demands disgorgement of Defendants' ill-gotten gains.  Defendants will be unjustly enriched unless Defendants are ordered to disgorge those profits for the benefit of Plaintiff and the class members.

120.    As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiff and the class members are entitled to restitution from Defendants and institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendants through this inequitable conduct.

## FIFTH CLAIM FOR RELIEF

**Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.**

**On Behalf of the Illinois Subclass**

121.    Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

122.    This cause of action is brought pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("ICFA").

123.    The express purpose of the ICFA is to "protect consumers" "against fraud, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce…." 815 ILCS 505/1.

124.    Plaintiff and the Illinois Subclass members are "consumers" within the meaning of 815 ILCS 505/1(e).

125.    Defendants were engaged in "trade or commerce" as defined by 815 ILCS 505/1(f).

126.    815 ILCS 505/2 declares unlawful "unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omissions of such material fact … in the conduct of any trade or commerce."

127.    815 ILCS 505/2 also states that "consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act."

128.    Defendants' unfair and deceptive practices, including falsely labeling Coppertone Sport High Performance SPF 30 sunscreen spray as SPF 30 when it is not, are likely to mislead – and have misled – the consumer acting reasonably in the circumstances, and violate 815 ILCS 505/2 and 21 U.S.C. §352.  This includes misleading Plaintiff and the Illinois Subclass.

129.    Defendants have violated the ICFA by engaging in the unfair and deceptive practices as described herein, which practices offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers.

130.    Plaintiff and members of the Illinois Subclass have been aggrieved by Defendants' unfair and deceptive practices in that they purchased the product, which they would not have purchased or would not have paid as much for had they known the true facts.

131.    The damages suffered by Plaintiff and the Illinois Subclass were directly and proximately caused by the deceptive, misleading and unfair practices of Defendants, as more fully described herein.

132.     Pursuant to 815 ILCS 505/10a, Plaintiff and the Illinois Subclass seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement. Additionally, pursuant to 815 ILCS 505/10a, Plaintiff and the Illinois Subclass make claims for economic damages, punitive damages, and attorneys' fees and costs.

133.     Concurrent with the filing of this complaint, and as required by 815 ILCS 505/10a(d), Plaintiff will mail a copy of this complaint to the Illinois Attorney General.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief against Defendants as set forth below:

   a.  Certify the proposed Nationwide Class and Illinois Subclass as class actions pursuant to Federal Rule of Civil Procedure 23;

   b.  Appoint Plaintiff as representative of the classes;

   c.  Appoint the undersigned as class counsel for the class and subclass;

   d.  Enter an order for injunctive and declaratory relief as described herein;

   e.  Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein and/or restitution, to include interest and pre-judgment interest;

   f.  Award Plaintiff reasonable attorneys' fees and costs; and

   g.  Grant such other and further legal and equitable relief as the court deems just and equitable.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff demand a trial by jury on all issues so triable.


Dated:   November 2, 2017                    by:   /s/ Theodore B. Bell
                                                   Theodore B. Bell
                                                   Carl V. Malmstrom
                                                   **WOLF HALDENSTEIN**
                                                     **ADLER FREEMAN & HERZ LLC**
                                                   70 W. Madison St., Suite 1400
                                                   Chicago, IL 60602
                                                   Telephone: 312-984-0000
                                                   Fax: 312-214-3110
                                                   tbell@whafh.com
                                                   malmstrom@whafh.com


                                                   Janine Lee Pollack
                                                   **WOLF HALDENSTEIN**
                                                     **ADLER FREEMAN & HERZ LLP**
                                                   270 Madison Avenue
                                                   New York, NY 10016
                                                   Telephone: 212-545-4600
                                                   Fax: 212-686-0114
                                                   pollack@whafh.com


                                                   Stephen P. DeNittis
                                                   Joseph A. Osefchen
                                                   Shane T. Prince
                                                   **DeNITTIS OSEFCHEN PRINCE, PC**
                                                   5 Greentree Centre
                                                   525 Route 73 North, Suite 410
                                                   Marlton, NJ 08053
                                                   Telephone: 856-797-9951
                                                   Fax: 856-797-9978
                                                   sdenittis@denittislaw.com

                                                   ***Counsel for Plaintiff and the Proposed***
                                                   ***Classes***