**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN CURRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 7930 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Curran ("Curran") alleges that he purchased sunscreen labeled with an SPF (sun protection factor) of 30 when, in fact, the SPF was much lower. He filed against defendant Bayer Healthcare LLC a purported class-action complaint in which he asserts a number of state-law claims. Defendants have filed a motion to transfer this case or, in the alternative, to dismiss. For the reasons set forth below, the Court denies the motion [28] to transfer and grants the motion [28] to dismiss.

## I.    BACKGROUND

Plaintiff alleges that he purchased Coppertone Sport High Performance SPF 30 sunscreen. Although the bottle says "SPF 30," plaintiff alleges that the sunscreen, in fact, had a lower SPF. Specifically, plaintiff alleges that *Consumer Reports* magazine reported in July 2017 that "its own testing" of Coppertone High Performance SPF reflected an SPF lower than 30. (Complt. ¶ 36). In addition, plaintiff alleges that he "conducted his own independent testing of Coppertone Sport High Performance SPF 30 sunscreen spray, utilizing the methodology for SPF testing mandated by the FDA." (Complt. ¶ 37-38). Plaintiff alleges that his testing was

"conducted in compliance with all FDA testing methods" and concluded that the sunscreen had an average SPF of 13.9. (Complt. ¶ 39, 41).

Based on these allegations, plaintiff sets out five counts, including breach of warranty (Count I), breach of implied contract (Count II), declaratory and injunctive relief (Count III), unjust enrichment (Count IV) and violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act (Count V). Plaintiff seeks to bring these claims on behalf of a class of persons who purchased Coppertone Sport High Performance SPF 30 in the United States, *except* for New Jersey citizens who purchased sunscreen in New Jersey. The Court takes judicial notice of the fact that plaintiff's counsel filed in state court in New Jersey, on behalf of a different plaintiff and against this defendant, a similar case which purports to be a class action on behalf of citizens of New Jersey. Although defendant removed that case to the United States District Court for the District of New Jersey, that court remanded the case for lack of jurisdiction.[1]

## II.     STANDARD ON A MOTION TO DISMISS

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not

---

[1] This Court has jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff has alleged that he is a citizen of Illinois, that defendant is a citizen of Delaware and New Jersey and that the amount in controversy is greater than $5,000,000. In the similar case in New Jersey, the District of New Jersey ruled that the case could not be removed on the basis of a federal defense and noted that it did not have jurisdiction under the Class Action Fairness Act because the plaintiffs and defendants were citizens of the same state.

suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A party "must state with particularity the circumstances constituting fraud[.]" Fed.R.Civ.P. 9(b). The requirement that fraud be plead with particularity "ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations." *Pirelli Armstrong Tire Corp. Retiree Med. Ben. Trust v. Walgreen Co.*, 631 F.3d 436, 439 (7th Cir. 2011). The requirement is not rigid, and what must be alleged will vary, depending on the facts of the case. *Pirelli*, 631 F.3d at 442. The heightened pleading standard applies to all *allegations* of fraud (such as a misrepresentations), not merely *claims* labeled fraud. *Pirelli*, 631 F.3d at 447.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to be assumed true," nor are legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 & 681 (2009) (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

## III. DISCUSSION

### A    Motion to transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . .

." 28 U.S.C. § 1404(a).  The parties agree that this case could have been brought in the United States District Court for the District of New Jersey, where defendant would like this case transferred.

This Court has substantial discretion in deciding whether to transfer the case. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-978 (7th Cir. 2010).  The movant has the burden of establishing that the transferee forum is more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986).

First, the Court considers the convenience of the parties.  The Court gives significant weight to the plaintiff's choice of forum.  Plaintiff is an Illinois citizen who purchased the product here in Illinois, where it will be more convenient for him to litigate.  Defendant, on the other hand, is headquartered in New Jersey, where most of its witnesses are located and where, according to defendant, the relevant decisions were made.  The documents defendant anticipates producing are also located in New Jersey, although, as plaintiff points out, most documents these days are produced electronically, such that the physical location of the documents matters less. Plaintiff has counsel in Chicago and New Jersey, and defendants have counsel in Chicago and Washington D.C.  It is clear that this litigation will be inconvenient to some people in either court.

Next, the Court must consider the interests of justice.  Defendant, naturally, argues that it is inefficient to have similar cases pending in two different courts.  This Court agrees wholeheartedly.  If the New Jersey case were pending in federal court, this Court would not hesitate to transfer the case to that district.  The District of New Jersey, though, has already concluded that it does not have jurisdiction over the New Jersey case and, thus, remanded it.  If

this Court transfers this case, the cases will still be proceeding in two different courts.[2]  With the cases proceeding in different courts either way, the Court finds that the interests of justice favor keeping the case here.  Plaintiff's claims are based on Illinois law, which this Court, as well as the Seventh Circuit Court of Appeals, considers regularly.

Given that the interests of justice favor keeping the case here and given that the case will be inconvenient for one party in either court, the Court concludes that defendant has not made a sufficient showing to upset plaintiff's choice of forum.  Defendant's motion to transfer is denied.

### B.    Motion to dismiss

Plaintiff's complaint sets out five counts, all of which seek relief on the grounds that defendant sold sunscreen labeled "SPF 30," when, in fact, the SPF was lower than 30.

Defendant first argues that the claims are preempted, because federal law prohibits states from requiring labels on sunscreens that are "not identical to" the federal requirements.  Federal preemption is generally an affirmative defense.  *Fifth Third Bank v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005).  While plaintiffs generally are not expected to plead around affirmative defenses, the Court may dismiss on the basis of an affirmative defense where a plaintiff alleges, and thus admits, the elements of the affirmative defense.  *Chicago Bldg Design, PC v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014); *United States Gypsum v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

---

[2] In a supplemental filing responding to plaintiff's notice of supplemental authority, defendant argues that if this case were transferred to the District of New Jersey, defendant could again remove the New Jersey case to federal court.  The Court disagrees.  The case defendant cites— *Freeman v. Blue Ridge Paper Prod.*, 551 F.3d 405 (6th Cir. 2009)—does not stand for the proposition that similar claims brought by two different plaintiffs on behalf of two separate classes can be forced together for purposes of determining jurisdiction under the Class Action Fairness Act.

Pursuant to the Supremacy Clause, federal law is "the supreme Law of the Land[.]" *Arizona v. United States*, 567 U.S. 387, 399 (2012). "Under this principle, Congress has the power to preempt state law." *Arizona*, 567 U.S. at 399. Congress has done so with respect to sunscreen labeling. Specifically, the Food, Drug and Cosmetics Act ("FDCA") states, among other things, "no State or political subdivision of a State may establish or continue in effect any requirement-- … (2) that is different from or in addition to, or that is otherwise not identical with, a requirement under this chapter . . ." 21 U.S.C. § 379r. The FDCA does not, itself, provide a private right of action, but it can be enforced through state causes of action, so long as those causes of action do not impose requirements that are not identical to the requirements of the FDCA. *Turek v. General Mills, Inc.*, 662 F.3d 423, 426 (7th Cir. 2011).

The federal requirements for sunscreen labeling are set out in 21 C.F.R. § 201.327. Sunscreen must be labeled "'SPF [insert numerical SPF value resulting from testing under paragraph (i) of this section]'." 21 C.F.R. § 201.327(a)(1)(i) & (ii). Paragraph (i), in turn, sets out testing requirements. Among other things, paragraph (i) sets out specific requirements for the solar simulator (i.e., the source of ultra violet radiation) that must be used for testing, including requirements for the emission spectrum and operation of the solar simulator, as well as the frequency with which the solar simulator, itself, must be tested. Paragraph (i) also sets out the number of test subjects that must be used, as well as how to determine each subject's skin type. It sets out the method for calculating the minimal erythema dose (i.e., "the smallest UV dose that produces perceptible redness of the skin (erythema) with clearly defined borders at 16 to 24 hours after UV exposure"), the formula for calculating SPF for each test subject and the formula for determining SPF for the product. 21 C.F.R. § 201.327(i)(1)-(6).

In this case, then, to the extent plaintiff is merely seeking to use state-law causes of action to enforce the labeling requirements set out in 21 C.F.R. § 201.327, his claims are not preempted. To the extent he wishes to add to or change the requirements, his claims are preempted. *See Turek*, 662 F.3d at 426. Here, plaintiff alleges that the "SPF 30" label is inaccurate in two respects. First, he alleges that *Consumer Reports*, using "its own testing" reported that the sunscreen at issue in this case had a lower SPF than its label reflected. (Complt. ¶ 36). To the extent plaintiff is claiming that the sunscreen's label needed to reflect the testing conducted by *Consumer Reports*, those claims are preempted , because such labeling is not identical to the requirements set out in federal law. Plaintiff also alleges, however, that he conducted testing (by hiring a laboratory) and that his testing was conducted "in compliance with all FDA testing methods[.]" (Complt. ¶ 38). The Court reads that as an attempt to enforce the identical requirements of the FDCA as it applies to SPF labeling, and such claims are not preempted.

Defendant next argues that plaintiff has not stated a claim, because he has not sufficiently alleged that his testing was identical. Defendant argues that plaintiff has included mere conclusions that the testing was performed "utilizing the methodology for SPF testing mandated by the FDA." (Complt. ¶ 37). Although not every district court would agree, this Court agrees with defendant for two reasons. First, the Supreme Court has said not only that conclusory allegations "are not entitled to be assumed true," but also that the notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679, 681. Here, plaintiff offers nothing more than his conclusion that his testing was the same as is required by the FDA. That is not enough, especially where, as here, plaintiff is essentially alleging fraud. *Pirelli*, 631 F.3d at 439 (fraud must be plead with particularity to

ensure "that plaintiffs do their homework before filing suit and [to protect] defendants from baseless suits that tarnish reputations").

Thus, to state a claim, plaintiff needs to include some facts about his testing procedure in order to make it plausible that defendant's label was not in compliance with the requirements of 21 C.F.R. § 201.327. The Court is not suggesting that a plaintiff must always attach a copy of the test results or that a plaintiff must allege every fact that shows the testing was identical. A claim, however, is preempted if it seeks to enforce a labeling requirement that is not identical; and, in order to make his claim plausible, plaintiff must do more than insert a conclusory allegation that the testing was identical. He needs to include at least some facts about his testing.

Thus, plaintiff's complaint is dismissed without prejudice.

## IV.    CONCLUSION

For the reasons set forth above, the Court denies defendant's motion [28] to transfer. The Court grants defendant's motion [28] to dismiss. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint by June 25, 2018. Status hearing remains set for June 28, 2018 at 9:30 a.m.


**SO ORDERED.**                                    **ENTERED:**  May 30, 2018


                                                   _____
                                                   **JORGE L. ALONSO**
                                                   **United States District Judge**