# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN CURRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 7930 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Curran ("Curran") alleges that he purchased sunscreen labeled with a sun protection factor ("SPF") of 30 when, in fact, testing revealed that the SPF was less than 15. He filed this suit, a putative class action, against defendant Bayer Healthcare LLC, asserting a number of state-law claims. This Court initially dismissed plaintiff's complaint, with leave to amend. (*See* May 30, 2018 Mem. Op. & Order, ECF No. 69.) Familiarity with that decision is assumed. Plaintiff filed an amended complaint on June 25, 2018. Now before the Court is defendant's motion to dismiss the amended complaint.

## I.    LEGAL STANDARDS

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice.

*Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The requirement that fraud be pleaded with particularity "ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations." *Pirelli Armstrong Tire Corp. Retiree Med. Ben. Trust v. Walgreen Co.*, 631 F.3d 436, 439 (7th Cir. 2011). The requirement is not rigid, and what must be alleged will vary, depending on the facts of the case. *Id.* at 442. The heightened pleading standard applies to all *allegations* of fraud (such as a misrepresentations), not merely *claims* labeled fraud. *Id.* at 447.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Fin. Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680 & 681 (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-679.

In his amended complaint, as in the original, plaintiff sets out five "claims for relief," including breach of warranty, breach of implied contract, declaratory and injunctive relief, unjust enrichment, and violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA").

## II.   PREEMPTION

As the Court explained in its earlier opinion in this case, the Food, Drug and Cosmetics Act ("FDCA") preempts state-law causes of action if asserting them effectively imposes requirements that are "not identical" to those of the FDCA or its implementing regulations. *See* 21 U.S.C. § 343-1(a)(4)-(5); 21 C.F.R. § 100.1(c)(4); *Porter v. NBTY, Inc.*, No. 15 CV 11459, 2016 WL 6948379, at *4-5 (N.D. Ill. Nov. 28, 2016). Under 21 C.F.R. § 201.327, sunscreen must be labeled with its numerical SPF value, as determined by the testing methodology described in paragraph (i) of that section.

Defendant argues that all of plaintiff's claims are preempted by the FDCA because he does not allege that the testing that allegedly showed that defendant's SPF labeling is inaccurate was identical with that required by 21 C.F.R. § 201.327(i). Defendant is incorrect. Plaintiff has alleged that his "test study met all required testing procedures for SPF testing specified under 21 C.F.R. § 201.327(i)." (Am. Compl. ¶ 37; *see id.* ¶¶ 37-39). Further, he has attached a copy of the test results to his complaint. (*Id.*, Ex. A.) The Court agrees with plaintiff that he has plausibly alleged that he tested defendant's sunscreen in the manner required by the relevant federal regulations.

Defendant argues that an inspection of the test results reveals that they are deficient on their face because the testing laboratory set the target SPF too low. Plaintiff responds that defendant is misinterpreting the document, which shows that defendant's sunscreen failed a test for SPF higher than 20, so the lab lowered the target to determine the true SPF in a subsequent round of testing. This is a factual dispute that the Court cannot resolve on the pleadings. Defendant is free to reprise this argument at trial or summary judgment, if the evidence supports it, but the argument is out of place at the pleading stage. Plaintiff has alleged that he followed the testing methodology required by the FDA, and to require more would be to require him to prove his claim

in the complaint, which would exceed federal pleading standards. *See Herron v. Meyer*, 820 F.3d 860, 863 (7th Cir. 2016) ("[A] complaint narrates a claim and need not supply the proof."). Defendant's motion is denied as to preemption.

### III. PRIMARY JURISDICTION

The doctrine of primary jurisdiction applies when:

> enforcement of [a] claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views. No fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation.

*Ryan v. Chemlawn*, 935 F.2d 129, 131 (7th Cir. 1991) (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956)). The policy reasons that animate the doctrine include: (1) "promot[ing] consistency and uniformity, particularly where the development of the law is dependent to some degree upon administrative policy"; (2) employing the expertise of agencies "to resolve the complexities of certain areas which are outside the conventional experience of the courts"; and (3) promoting "judicial economy because the dispute may be decided within the agency, thus obviating the need for the courts to intervene." *Id.* In this circuit, "[t]here is no fixed formula for the invocation of the doctrine of primary jurisdiction." *Id.* (quotations omitted). Rather, "the decision whether to apply it depends upon a case by case determination of whether, in view of the purposes of the statute involved and the relevance of administrative expertise to the issue at hand, the court ought to defer initially to the administrative agency." *Id.* (quotations omitted).

Defendant argues that the Court should dismiss or stay this case pursuant to the doctrine of primary jurisdiction because, according to defendant, the Food and Drug Administration ("FDA") should determine whether defendant's sunscreen labeling is accurate. But there are two problems with defendant's position. First, defendant has not "identified any relevant proceedings to which

4

this Court should defer" in resolving the issues presented by this case. *See Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 WL 2238191, at *8 (N.D. Ill. May 16, 2018). Defendant points only to the FDA's May 2018 "Statement from FDA Commissioner Scott Gottlieb, M.D., on new FDA actions to keep consumers safe from the harmful effects of sun exposure and ensure the long-term safety and benefits of sunscreens."[1] This press announcement describes in general terms the FDA's commitment to "making sure that the [sunscreen] products consumers use deliver their advertised benefits" and "promot[ing] safe and effective innovations for sun protection," but it does not describe any specific regulatory proceedings that will impact the resolution of this case. Under these circumstances, deference to the FDA is unwarranted. *See Chavez*, 2018 WL 2238191, at *8 (refusing to defer to FDA because it "would do nothing more than hold [the plaintiff's] claim in limbo"); *Biffar v. Pinnacle Foods Grp., LLC*, No. 16-0873-DRH, 2016 WL 7264973, at *2 (S.D. Ill. Dec. 15, 2016) ("the benefits [of deferring to the FDA] are speculative and granting the [motion] would unduly prejudice plaintiff").

Second, as in *Chavez*, plaintiff "overstates the need to rely on the FDA's expertise." 2018 WL 2238191, at *8. "Federal district courts are well-equipped to interpret agency regulations, . . . [and] this case primarily concerns allegations of false and misleading representations, the sort of allegations that district courts routinely address." *Id.* (citing, *inter alia*, *Biffar*, 2016 WL 7264973, at *2, *Gubala v. CVS Pharmacy, Inc.*, No. 14 C 9039, 2016 WL 1019794, at *16 (N.D. Ill. Mar. 15, 2016)). True, this Court may need to "evaluate scientific evidence at some point" to determine whether the scientific testing prescribed by the relevant federal regulations shows that defendant's sunscreen labeling is inaccurate and misleading, but district courts commonly make such assessments, and the Court fails to see why it needs the FDA's expertise to do so in this case. *See*

---

[1] https://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm608499.htm.

5

*Chavez*, 2018 WL 2238191, at *8; *cf. Gisvold v. Merck & Co.*, 62 F. Supp. 3d 1198, 1204 (S.D. Cal. 2014) (dismissing action pursuant to doctrine of primary jurisdiction because issue of whether "sunscreen products labeled above SPF 50 . . . provide any additional clinical benefit" or "are clinically no more effective than SPF 50 products" was "before the FDA, [which] issued a proposed rule seeking content and submission of data on this very issue"). The Court will not dismiss or stay this case pursuant to the doctrine of primary jurisdiction.

IV. **PERSONAL JURISDICTION AND *BRISTOL-MEYERS SQUIBB***

Defendant argues that, based on *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781-82 (2017), this Court lacks personal jurisdiction over the claims of any prospective class members who reside outside of the state of Illinois, and it should therefore strike plaintiff's nationwide class allegations.

*Bristol-Myers Squibb* held that due process does not permit courts to exercise specific personal jurisdiction over claims that are unconnected to the forum state and brought by nonresident plaintiffs against a nonresident defendant, even when the nonresident plaintiffs join in a lawsuit initiated by plaintiffs who suffered injury in the forum state. *Bristol-Myers Squibb* was a direct mass tort action, not a class action under Federal Rule of Civil Procedure 23, but numerous courts within this district have held that the decision applies to the claims of unnamed nonresident class members against nonresident defendants in a class action context. *See* 1 *McLaughlin on Class Actions* § 2.44 n. 9 (15th ed.) (collecting cases).

Defendant urges the Court to follow the decisions applying *Bristol-Myers Squibb* to class actions, arguing they represent the "growing weight of authority" in this district (Def.'s Resp. to Pl.'s Supp'l Authority at 2, ECF No. 111), but a leading treatise states that "[m]ost courts" to address the issue nationwide "have concluded that *Bristol-Myers* does not apply to class actions."

6

*McLaughlin*, § 2.44 n. 5 (collecting cases). The recent decision in *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 818-22 (N.D. Ill. 2018), persuades this Court to follow the decisions in the latter category. In *Al Haj*, the court explained that to apply *Bristol-Myers* to class actions would be to hold that "[a]lthough absent class members are *not* parties for purposes of diversity of citizenship, amount in controversy, Article III standing, and venue, they *are* parties for purposes of personal jurisdiction over the defendant." *Id.* at 820. This Court agrees with *Al Haj* that "[t]hat cannot be right." *See id.* Defendant's motion is denied as to the nationwide class allegations.

V. **BREACH OF IMPLIED CONTRACT CLAIM**

Defendant argues that plaintiff's second claim for relief, "breach of implied contract through violation of the implied covenant of good faith and fair dealing," fails to state a claim. According to defendant, plaintiff has not alleged any facts supporting the existence of an "implied contract," nor is there any stand-alone cause of action under Illinois law for breach of the implied covenant of good faith and fair dealing.

In response, plaintiff argues that he has stated an express warranty claim, which is a kind of breach of contract claim, and "[t]hat contract, like every other contract coming under the penumbra of Illinois law, contains an implied covenant of good faith and fair dealing." (Pl.'s Mem. in Opp'n at 10, ECF No. 97.) But if that is plaintiff's theory, then the Court fails to see how plaintiff's second claim for relief differs from his first; plaintiff does not explain how defendant breached other than by selling sunscreen labeled with the wrong SPF, which is exactly how defendant allegedly breached the express warranty. Under Illinois law, plaintiff cannot state a claim for breach of the implied covenant that merely duplicates a claim for breach of express contract terms. *See Hickman v. Wells Fargo Bank, N.A.*, 683 F. Supp. 2d 779, 793 (N.D. Ill. 2010) (citing cases); *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1994 WL 13771, at *4 (N.D. Ill. Jan. 14,

7

1994); *see also Wilson v. Career Educ. Corp.*, 729 F.3d 665, 674 (7th Cir. 2013) ("The implied covenant of good faith is simply a breach of contract theory."). Plaintiff's second claim for relief is dismissed as superfluous and duplicative of his first.

## VI.   DECLARATORY AND INJUNCTIVE RELIEF

Defendant argues that plaintiff's third claim for relief, which seeks declaratory relief and injunctive relief, should be dismissed because these are remedies, not claims. Additionally, defendant argues that plaintiff has no standing to seek injunctive relief because he is already aware of defendant's allegedly deceptive marketing and will not be fooled by it again. *See In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-CV-5070, 2017 WL 2215025, at *8 (N.D. Ill. May 19, 2017) (citing *Camasta v. Jos. A. Bank Clothiers*, 761 F.3d 732, 734-35 (7th Cir. 2014)).

In response, plaintiff admits that declaratory and injunctive relief are remedies, not claims, but he argues that he is nonetheless entitled to them under the ICFA. According to plaintiff, defendant's standing argument is not only premature because the appropriate time to resolve the issue is at class certification, *see Block v. Lifeway Foods, Inc.*, No. 17 C 1717, 2017 WL 3895565, at *7 (N.D. Ill. Sep. 6, 2017), but it is also unavailing because, if defendant were correct, then "the injunctive provisions of consumer protection statutes such as ICFA could never be invoked to enjoin deceptive practices" because "the complaining consumer's standing [would] dissipate[] the moment she discover[s] the alleged deception," *Leiner v. Johnson & Johnson Consumer Companies, Inc.*, 215 F. Supp. 3d 670, 673 (N.D. Ill. 2016). *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018) ("We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an actual and imminent, not conjectural or hypothetical threat of future

8

harm.") (internal quotation marks omitted); *Carrol v. S.C. Johnsons & Son, Inc.*, No. 17-CV-05828, 2018 WL 1695421, at *3 (N.D. Ill. Mar. 29, 2018) ("To accept the defendant's interpretation of *Camasta* would preclude standing for injunctive relief in practically all false advertising cases.").

To establish standing, plaintiff must allege that he has suffered a concrete, particularized, actual injury that is fairly traceable to defendant's actions, and he must allege that it is likely, not merely speculative, that the injury will be redressed by a favorable decision in this Court. *See Friends of the Earth, Inc. v. Laidlaw Envl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). To establish standing to seek injunctive relief, he must allege not only "past exposure to illegal conduct" but also that it is accompanied either by "continuing, present adverse effects," *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974), or, more relevant to this case, "a sufficient likelihood that [plaintiff] will again be wronged in a similar way," *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). This Court has previously followed *Camasta* and *Herbal Supplements* in similar circumstances, reasoning that a plaintiff who merely alleges that he has been harmed in the past by a deceptive sales practice faces no "real and immediate threat" that he will be deceived by the same practice after the deception has been revealed to him, and he is therefore not entitled to pursue injunctive relief. *See Ulrich v. Probalance, Inc.*, No. 16 C 10488, 2017 WL 3581183, at *7 (N.D. Ill. Aug. 18, 2017) (citing *Lyons*, 461 U.S. at 102).

However, in *Camasta*, *Herbal Supplements*, and *Ulrich*, the plaintiffs made merely conclusory allegations of a threat of future harm, and the offending products were not only mislabeled but also flawed or defective, so it was implausible that the plaintiffs were likely to purchase them again. Here, plaintiff claims not that defendant's sunscreen was ineffective, but that it was labeled with the wrong SPF. He does not allege that he would not buy plaintiff's product

9

again or that it is worthless; to the contrary, he alleges that he "would purchase the product again in the future if he could be assured that the product was accurately labeled as to its SPF rating and/or that the product conformed to the SPF rating stated on the product packaging." (Am. Compl. ¶ 110.)

This case is more similar to *Davidson*, in which the plaintiff alleged that the flushable wipes he had purchased were not actually "suitable for disposal in a household toilet," contrary to their labeling, but he "continue[d] to desire to purchase" truly flushable wipes, and "would purchase truly flushable wipes manufactured by [defendant] if it were possible to determine prior to purchase if the wipes were suitable to be flushed." 889 F.3d at 962. The Ninth Circuit held that, based on such allegations, a consumer has standing to seek an injunction against the seller because he has alleged an "actual and imminent, not conjectural or hypothetical," *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009), threat of future harm. The Ninth Circuit reasoned as follows:

> Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.

*Davidson*, 889 F.3d at 969-70 (internal citations omitted). Based on this reasoning, the court ruled that the plaintiff had standing to seek injunctive relief. *Id.* at 971-72.

*Davidson*'s reasoning is persuasive. The Court concludes that plaintiff has standing to seek injunctive relief against defendant. Plaintiff's third claim is dismissed as surplusage to the extent it purports to state a separate claim from the ICFA claim; however, plaintiff may seek declaratory or injunctive relief to the extent that the ICFA permits.

## VII. UNJUST ENRICHMENT

Defendant argues that plaintiff's unjust enrichment claim should be dismissed because it is "just a tagalong" to the ICFA claim and "must rise or fall with it" to the extent it rests on the same alleged misconduct. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). Defendant states the law correctly, but the case defendant cites provides no basis to dismiss the unjust enrichment claim at this point because the ICFA claim has not fallen—defendant has not even moved to dismiss it, specifically. Defendant's motion is denied as to the unjust enrichment claim.

## **CONCLUSION**

Defendant's motion to dismiss [90] is granted in part and denied in part. The motion is granted as to plaintiff's second and third claims for relief; it is otherwise denied. Status hearing previously set for 2/13/19 is stricken and reset to 4/11/19 at 9:30 a.m.

**SO ORDERED.**                                          ENTERED:   1/31/19

_____
**JORGE L. ALONSO**
**United States District Judge**